UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 12-60055-CIV-MARRA/BRANNON

JAMES MORGAN,

    Plaintiff,

vs.

SEARS, ROEBUCK, AND COMPANY,

    Defendant.
_____/

## **OPINION AND ORDER**

This cause is before the Court upon Plaintiff James Morgan's Motion to Remand and for Attorneys' Fees (DE 6). The motion is fully briefed and ripe for review. The Court has carefully considered the motion and is otherwise fully advised in the premises.

### **I. Background**

Plaintiff filed a one-count Complaint in the Circuit Court of the 17th Judicial Circuit in and for Broward County, Florida for damages, attorney's fees and costs under the Florida Civil Rights Act of 1992 ("FCRA"), Florida Statutes § 760. According to the allegations of the Complaint, Plaintiff, who is black and of Jamaican origin, was a sales associate employed by Defendant. (Compl. ¶ 3.) The Complaint alleges that on the night of August 17, 2008, Plaintiff accepted a cash payment of approximately $5,000 from a customer. (Id. at ¶ 15.) Plaintiff allegedly called a supervisor to have the large amount of cash removed, but the supervisor refused to pick up the cash. (Id. at ¶¶ 15-16.) Later in the evening, after other employees had access to the register, a different sales associate "closed out" the register with the excess cash, discovering that the register was short approximately $1,000. (Id. at ¶¶ 18-19.) Plaintiff, who

was the only black employee in the department, was terminated for "violation of company policy." (Id. at ¶ 24.) The Complaint seeks judgment "for reinstatement or front pay, backpay, lost benefits, interest, compensatory damages, punitive damages, attorneys' fees and costs." (Id. at ¶ 32.)

Defendant, on the basis of diversity jurisdiction, removed the case to this Court on January 12, 2012. (Notice of Removal, DE 1.) Attached to Defendant's notice of removal is Plaintiff's Unverified Responses to Defendant's First Set of Interrogatives, Plaintiff's Verified Responses to Defendant's First Set of Interrogatives, and the Affidavit of Catherine Miller. According to Plaintiff's Responses, "Plaintiff earned $21,000 per year at Sears. Three years of lost employment equals approximately $63,000 in back pay. Damages continue to accrue at $1,750 per month." (DE 1-4 at Response to Interrogatory No. 9.) Plaintiff has now moved to remand the action.

## II. Discussion

It is axiomatic that federal courts are courts of limited jurisdiction. Russell Corp. v. American Home Assur. Co., 264 F.3d 1040, 1050 (11th Cir. 2001). Removal jurisdiction is construed narrowly with all doubts resolved in favor of remand. See Pacheco de Perez v. AT&T Co., 139 F.3d 1368, 1373 (11th Cir. 1998). The removing party has the burden of demonstrating the propriety of removal. Diaz v. Shepard, 85 F.3d 1502, 1505 (11th Cir. 1996). Where, as here, a plaintiff's claims for damages are unspecified in the complaint, the "removing defendant must prove by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional requirement." Williams v. Best Buy Co., 269 F.3d 1316, 1319 (11th Cir. 2001). The sufficiency of the amount of controversy is determined at the time of removal. Pretka v.

Kolter City Plaza II, Inc., 608 F.3d 744, 751 (11th Cir. 2010) (the Court "focuses on how much is in controversy at the time of removal, not later"). "[T[he pertinent question is what is in controversy in the case, not how much the plaintiffs are ultimately likely to recover." Id. (quoting Amoche v. Guarantee Trust Life Insurance Co., 556 F.3d 41, 51 (1st Cir. 2009)). When a case has been removed pursuant to paragraph one of 28 U.S.C. § 1446(b),[1] the moving party may provide additional evidence to satisfy its burden. Id. at 753-54. That stated, a defendant may satisfy this requirement without additional evidence if it is "facially apparent from the pleading itself that the amount in controversy exceeds the jurisdictional minimum." Roe v. Michelin North America, Inc., 613 F.3d 1058, 1061 (11th Cir. 2010) (internal quotation marks omitted). "[A] removing defendant is not required to prove the amount in controversy beyond all doubt or to banish all uncertainty about it." Pretka, 608 F.3d at 754. In considering the allegations and evidence of the parties, the Court may use "common sense" and make "reasonable deductions, reasonable inferences, or other reasonable extrapolations." Id. at 754, 770; see Roe, 613 F.3d at 1062 ("courts may use their judicial experience and common sense in determining whether the case stated in a complaint meets federal jurisdictional requirements.")

In calculating the amount in controversy, Defendant posits that Plaintiff's back pay claim could be over $75,000 if the Court were to use a time period commencing on her termination date through an estimated trial date of May 2012. (Notice of Removal ¶ 14.) Here, the Court finds that it is appropriate to use the trial date of May 2012 to calculate the probable back pay of

---

[1] The instant case was removed pursuant to the first paragraph of 28 U.S.C. § 1446(b); that is, within 30 days of service of the defendant being able to ascertain intelligently that the action is removable. See Clingan v. Celtic Life Ins. Co., 244 F.Supp.2d 1298, 1302 (M.D. Ala. 2003).

3

Plaintiff.[2]  See Messina v. Chanel, Inc., No. 10–24518–CIV, 2011 WL 2610521, at * 2 (S.D. Fla. July 1, 2011); Cashman v Host International, Inc., No. 8:10–cv–1197–T–30MAP, 2010 WL 4659399, at * 1 (M.D. Fla. Nov. 9, 2010); Deel v. Metromedia Restaurant Svcs., Inc., No. 3:05CV120/MCR, 2006 WL 481667, at * 3 (N.D. Fla. Feb. 27, 2006).  Based on the evidence provided by Defendant, Plaintiff's claim for back pay from October 2008 to May 2012 is approximately $75,250.

Because backpay alone exceeds $75,000, the Court need not consider any other damages sought by Plaintiff for the purpose of determining amount in controversy.  The Court therefore denies Plaintiff's Motion to Remand.  The Court also denies Plaintiff's request for attorney's fees and costs pursuant to 28 U.S.C. § 1447(c) associated with the filing of this motion.

### III.  Conclusion

Accordingly, it is hereby **ORDERED AND ADJUDGED** that Plaintiffs' Motion to Remand Matter (DE 6) is **DENIED**.  The Court also **DENIES** Plaintiff's Motion for Attorney's Fees.

**DONE AND ORDERED** in Chambers at West Palm Beach, Palm Beach County, Florida, this 29th day of June, 2012.

_____
KENNETH A. MARRA
United States District Judge

---

[2] In opposing the use of this trial date, Plaintiffs point to cases that rely upon Lowery v. Alabama Power Co., 483 F.3d 1184 (11th Cir. 2007). (Mot. at 5-6.)  However, in Pretka, the Court stated that "Lowery did not say, much less purport to hold, that the use of deduction, inference, or other extrapolation of the amount in controversy is impermissible" for purposes of establishing the amount in controversy. Pretka, 608 F.3d at 753; see also Roe, 613 F.3d at 1062 ("courts may use their judicial experience and common sense in determining whether the case stated in a complaint meets federal jurisdictional requirements.")